UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

HERMANN GOLLNER;

Plaintiff,

v.

CONFORMIS, INC., a Delaware Corporation,

Defendant.

Case No. 3:17-cv-0479-LRH-(VPC)

ORDER

Before the court is plaintiff Hermann Gollner's ("Gollner") motion to remand. ECF No. 10. Defendant Conformis, Inc. ("Conformis") filed an opposition (ECF No. 12) to which Gollner replied (ECF No. 13).

**I.     Facts and Procedural Background**

This is a negligence and product warranty action brought by plaintiff Gollner against defendant Conformis, a company that designs customized medical implants. On October 8, 2016, Gollner underwent knee replacement surgery. Prior to that date, Gollner had utilized Conformis's particular design technology to create a knee implant specific to his unique body which was to be sent to his surgeon and used in his knee replacement. However, Gollner alleges that on the date of his surgery, Conformis had sent the custom implant for a different customer to his surgeon. Because the knee surgery was already underway, Gollner alleges that his surgeon had to use a traditional implant for his knee replacement, depriving Gollner of the benefit of his specifically customized Conformis implant.

On July 14, 2017, Gollner filed a complaint against Conformis in state court alleging three causes of action: (1) negligence; (2) breach of implied warranty; and (3) breach of express warranty. ECF No. 5, Ex. 2. In response, Conformis removed the action to federal court on the basis of diversity jurisdiction. ECF No. 1. Thereafter, Gollner filed the present motion to remand. ECF No. 10.

**II.   Legal Standard**

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A district court has original jurisdiction over civil actions where the suit is between citizens of different states and the amount in controversy, exclusive of interests and costs, exceeds $75.000.00. 28 U.S.C. § 1332(a). In a diversity case, if a complaint does not specify the amount of damages, "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $[75],000.00." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

Removal of a case to district court may be challenged by motion and a federal court must remand a matter if there is a lack of jurisdiction. *See generally*, 28 U.S.C. § 1441. Removal statutes are construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941); *see also, Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

**III.  Discussion**

In his motion, Gollner concedes that the parties are diverse for diversity jurisdiction purposes, but argue that Conformis's notice of removal is insufficient to prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. *See* ECF No. 10. The court agrees.

In order to meet their burden for removal, a defendant must present evidence that the amount in controversy exceeds $75,000. *McCaa v. Massachusetts Mutual Life Insurance*

*Company*, 330 F. Supp. 2d 1143, 1149 (D. Nev. 2004); *see also, Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992). In his complaint, Gollner requests damages in excess of $10,000 in accordance with Nevada pleading requirements. Gollner's damages allegedly arise from the difference in value between the knee implant that he received and the knee implant that he purchased from Conformis as well as the difference in benefits between the two implants. *See* ECF No. 5, Ex. 2. Based on these allegations, Conformis contends that the amount in controversy has been met because Gollner has alleged the possibility of permanent injury and has claimed pain and suffering which is likely to lead to an award of more than $75,000 if Gollner is ultimately successful on his claims. However, Gollner has not requested compensation for the knee surgery and is not seeking another surgery to replace his current implant. *See* ECF No. 10. Nor has Gollner alleged any damages except for the $10,000 identified in his complaint. Further, in its petition for removal, Conformis has failed to present the court with any evidence concerning Gollner's injuries or any calculation of Gollner's damages. Instead, Conformis relies on Gollner's declining to stipulate to an amount of damages as a basis to establish that the amount in controversy exceeds $75,000. Yet, "[e]vidence of failure to stipulate to the amount in controversy requirement is at best a factor in determining the amount, and at worst irrelevant to the determination." *Rindels v. Tyco Integrated Security, LLC*, 2015 WL 469013, at *4 (C.D. Cal. February 4, 2015). As such, the court finds that Conformis has failed to provide the court with sufficient evidence to establish that the amount in controversy is more likely than not to exceed $75,000.00 and therefore, the court shall remand this action for lack of diversity jurisdiction.

IT IS THEREFORE ORDERED that plaintiff's motion to remand (ECF No. 10) is GRANTED. This action, 3:17-cv-0479-LRH-(VPC), is REMANDED back to the Second Judicial District Court of the State of Nevada.

IT IS SO ORDERED.

DATED this 26th day of September, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE